Filed 3/23/16  P. v. Cardoza CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MATTHEW ALLEN CARDOZA,<br><br>Defendant and Appellant. | B262214<br><br>(Los Angeles County<br>Super. Ct. No. VA136382) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Olivia Rosales, Judge.  Reversed and remanded.

Anthony W. Tahan, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant Matthew Allen Cardoza pleaded nolo contendere to one count of petty theft with priors (Pen. Code, § 666).[1] He subsequently filed a petition to recall his sentence and obtain resentencing pursuant to Proposition 47 (§ 1170.18). The trial court denied the petition, concluding defendant was ineligible for relief under Proposition 47 because the amount of the theft exceeded $950. The parties agree that the trial court erred in assessing the amount at issue. We reverse and remand for possible resentencing.

## FACTUAL AND PROCEDURAL SUMMARY[2]

The following facts are taken from the transcript of defendant's preliminary hearing. Captain Jeffrey Graves of the City of Vernon Fire Department was conducting a routine fire check of an industrial building in the afternoon on August 6, 2014, when he spotted defendant near an electric utility pole located adjacent to the building. Defendant was standing near his car, which was parked next to the utility pole; there were tools and copper wiring on the ground nearby. Captain Graves observed a ladder tied to the pole and noticed that the transformer containers were missing from the top of the utility pole. Transformer containers typically contain "coils, copper wiring, and metal . . . plates."

Defendant told Captain Graves that he had permission from the property owners to "pull some wiring off of the property." Captain Graves went to his vehicle to call for a police unit. When he turned back toward defendant, he observed defendant putting materials in his car "at a fast pace." Defendant entered his vehicle and began to drive away. Captain Graves attempted to block defendant by standing in front of the property's exit gate and raising his hands. Defendant accelerated his vehicle, forcing Captain Graves to jump out of the way. Defendant then drove away.

An inspector from the electric company reported that two electric poles at the location of the incident had been "visibly" damaged, but did not say when the damage

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.
[2] Given the conceded error, we relate only a brief summary of the relevant background.

2

occurred. He estimated it would cost approximately $20,000 to repair both poles, including the "damage, the vandalism, and the property loss."

At the conclusion of the preliminary hearing, the court held defendant to answer on count one, assault on a firefighter, a felony (§ 245, subd. (c)), count two, theft of copper materials, as a misdemeanor (§ 487j), and count three, vandalism, as a misdemeanor (§ 594, subd. (a)). In doing so, the court reduced counts two and three to misdemeanors; the judge noted she could "guess" the value of the copper wire exceeded $950, but there was no evidence to support that "gut" feeling, nor was there evidence defendant took the transformers or otherwise damaged the utility poles.

On October 29, 2014, defendant plead nolo contendere to one count of petty theft with priors (§ 666, subd. (a)).[3] He further admitted a prior strike conviction of a serious or violent felony (§1170.12, subds. (a)-(d)). The trial court found there was a factual basis for defendant's plea and accepted the plea. The court sentenced defendant to four years in state prison. The remaining counts were dismissed pursuant to the plea agreement.

On November 19, 2014, defendant filed a petition for recall of his sentence and resentencing pursuant to section 1170.18, subdivision (a). Defendant argued his conduct fell within section 490.2, subdivision (a), which provides that "obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor." The prosecution objected, arguing the evidence from the preliminary hearing showed the property loss was estimated at $20,000.

At the hearing on the petition, the trial court reviewed the preliminary hearing transcript and noted that it showed the "property loss was about $20,000." Further, because defendant was held to answer on count two for grand theft pursuant to section

---

[3] It appears the petty theft count was added as count four prior to the plea agreement.

3

487j,[4] the court concluded "by definition" that theft had to exceed $950 under the statute. Accordingly, the court denied defendant's petition, finding "there is evidence that the loss was over $950." Defendant timely appealed.

## DISCUSSION

### A.    *Proposition 47*

Proposition 47, enacted in November 2014, reclassified certain felony drug and theft offenses as misdemeanors. Among the crimes reduced are those under section 490.2, which classifies all theft of property where the value "does not exceed nine hundred fifty dollars ($950)" as misdemeanor "petty theft."

Proposition 47 also "created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. (§ 1170.18, subd. (a).) A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be 'resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.18, subd. (b).)" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092; *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1109.)

### B.    *Conceded Error*

Defendant argues that, in denying his petition for recall, the trial court improperly considered evidence of property damage relevant only to the dismissed charges.[5] He contends the court should have looked to the plea agreement instead, pursuant to which

---

[4] Section 487j governs grand theft of copper materials with "a value exceeding nine hundred fifty dollars ($950)." The crime is a "wobbler," meaning it is "chargeable or, in the discretion of the court, punishable as either a felony or a misdemeanor." (*People v. Park* (2013) 56 Cal.4th 782, 789 (citations omitted); § 17, subd. (b).)

[5] Defendant did not enter a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754, 758, which would allow the sentencing judge to consider dismissed charges.

4

defendant was convicted of petty theft; as such, the parties agreed that the property stolen by defendant had a value of $950 or less.  The Attorney General agrees, acknowledging defendant "is eligible for resentencing under Proposition 47, and the matter should be remanded to the trial court for possible resentencing pursuant to the Act."

We agree that it was error for the trial court to find defendant ineligible for resentencing under these circumstances.  Accordingly, we reverse the trial court's order denying defendant's petition.  Remand is required to allow the trial court to exercise its discretion to determine whether resentencing defendant would "pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).)

## DISPOSITION

The order denying defendant's petition for recall and resentencing is reversed.  The matter is remanded for possible resentencing consistent with this opinion.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.


We concur:



EPSTEIN, P. J.



WILLHITE, J.